UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Xavier Tate,

    Plaintiff

v.

Las Vegas Metropolitan Police Department, et al.,

    Defendants

Case No.: 2:25-cv-01559-JAD-DJA

**Order**

    Plaintiff Xavier Tate brings claims under 42 U.S.C. § 1983 and Nevada law, contending that his federal and state rights were violated when a corrections officer used excessive force against him, left him naked in a cell, and called him racial slurs while he was a pretrial detainee at Clark County Detention Center.[1] Tate was not detained or incarcerated as of the complaint's filing,[2] and the defendants have paid the full $405 filing fee for this removed civil action.[3] Because Tate is neither a "prisoner" within the Prison Litigation Reform Act's meaning nor proceeding *in forma pauperis*, his complaint is not subject to screening under 28 U.S.C. §§ 1915A or 1915(e)(2).[4]

---

[1] ECF No. 1-1.

[2] *See id.* at ¶ 16.

[3] ECF No. 1.

[4] *See* 28 U.S.C. § 1915A (defining "prisoner" and requiring courts to screen complaints filed by prisoners who seek redress from governmental entities, officers, or employees); *see Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017) (holding that "28 U.S.C. § 1915A applies only to claims brought by individuals incarcerated at the time they file their complaints"); *see Lopez v. Smith*, 203 F.3d 1122, 1126, 1129 (9th Cir. 2000) (recognizing that screening under 28 U.S.C. § 1915(e) applies to actions filed *in forma pauperis* whether or not the plaintiff is incarcerated).

IT IS THEREFORE ORDERED that the court will not enter an order screening the plaintiff's complaint; rather, this case will proceed immediately onto the normal litigation track under the applicable local and federal civil procedural rules.

Dated: September 17, 2025

_____
U.S. District Judge